UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GWEN RIDER,<br><br>Defendant | Criminal No. 21cr40014<br><br>Violations:<br><br>Count One: Tampering with a Consumer Product<br>(18 U.S.C. § 1365(a)(4))<br><br>Count Two: Acquiring a Controlled Substance by Fraud, Deception, and Subterfuge<br>(21 U.S.C. § 843(a)(3))<br><br>Forfeiture Allegation<br>(21 U.S.C. § 853) |

## INDICTMENT

At times relevant to this Indictment:

### General Allegations

1. Defendant GWEN RIDER was a resident of Northborough, Massachusetts.

2. RIDER was a registered nurse employed at a nursing home located in Westborough, Massachusetts.

3. Morphine was a Schedule II controlled substance. Morphine sulfate was a drug containing morphine and is an opioid used for pain relief.

4. The United States Food and Drug Administration (hereinafter the "FDA") was an agency within the executive branch of the Government of the United States. The FDA was the agency responsible for protecting the health and safety of the public by ensuring, among other things, that drugs intended for use in humans were safe and effective for their intended uses and that the labeling of such drugs was true and accurate. As part of its mission to protect the public health, the FDA—specifically its Office of Criminal Investigations—had the authority to investigate allegations of tampering with consumer products, including drugs.

RIDER's Tampering with and Theft of Resident 1's Morphine

5. From approximatelyg 11 pm on November 6, 2020 until approximately 7 am on November 7, 2020, RIDER was on duty as a registered nurse at the nursing home located in Westborough. RIDER was assigned to a unit specializing in care for residents suffering from dementia.

6. RIDER was responsible for caring for Resident 1. Resident 1 had been prescribed morphine sulfate as a pain relief medication.

7. While responsible for the care of Resident 1, RIDER removed some of the morphine sulfate prescribed to Resident 1 and then tampered with Resident 1's remaining supply of morphine sulfate.

## COUNT ONE
### Tampering with a Consumer Product
(18 U.S.C. § 1365(a)(4))

The Grand jury charges:

8. The Grand Jury re-alleges and incorporates by reference paragraphs 1-7 of this Indictment.

9. From on or about November 6, 2020 until on or about November 7, 2020, in Westborough, in the District of Massachusetts, the defendant,

## GWEN RIDER,

with reckless disregard for the risk that another person would be placed in danger of death or bodily injury, and under circumstances manifesting extreme indifference to such risk, did tamper with a consumer product that affected interstate commerce, that is morphine sulfate.

All in violation of Title 18, United States Code, Section 1365(a)(4).

## COUNT TWO
### Acquiring a Controlled Substance by Fraud, Deception, and Subterfuge
### (21 U.S.C. § 843(a)(3))

The Grand Jury further charges:

10. The Grand Jury re-alleges and incorporates by reference paragraphs 1-7 of this Indictment.

11. From on or about November 6, 2020 until on or about November 7, 2020, in Westborough, in the District of Massachusetts, the defendant,

### GWEN RIDER,

did knowingly and intentionally acquire and obtain morphine sulfate, a Schedule II controlled substance, by misrepresentation, fraud, deception, and subterfuge.

All in violation of Title 21, United States Code, Section 843(a)(3).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

12. Upon conviction the offense in violation of Title 21, United States Code, Section 843(a), set forth in Count Two, the defendant,

GWEN RIDER,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

13. If any of the property described in Paragraph 12, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant –

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 12 above.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
JOHN T. MULCAHY
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: April 1, 2021
Returned into the District Court by the Grand Jurors and filed.

_____ 2:51pm
DEPUTY CLERK